## IN THE COURT OF COMMON PLEAS, PAULDING COUNTY, OHIO

Ashton Shaffer
3886 Road 193
Grover Hill, Ohio 45849-9650,
PLAINTIFF, INDIVIDUALLY AND ON
BEHALF OF THOSE INDIVIDUALS
SIMILARLY SITUATED

Vs.

HALSTED FINANCIAL SERVICES, LLC.
8001 Lincoln Ave Ste. 500
Skokie, Il. 60077

and

Brian S. Glass, Esq.
c/o HALSTEAD FINANCIAL SERVICES LLC
8001 Lincoln Ave Ste. 500
Skokie, Il. 60077

and

RESURGENT CAPITAL SERVICES
P.O. Box 10497
Greenville, S.C. 29603-0497,

DEFENDANTS.

Case No. **CI 21 119**

JUDGE BECKMAN

**COMPLAINT AND CLASS ACTION PURSUANT TO RULE 23 OF THE OHIO RULES WITH JURY DEMAND ENDORSED HEREON**

Michael D. Portnoy (0040213)
7024 Cloister Rd.
Toledo, Ohio 43617
PH: (419) 874-2775
FX: (419) 874-2777
e-mail:hawkport@aol.com
Attorney for Ashton Shaffer

*******************************************************************************

NOW COMES Ashton Shaffer, both individually and on behalf of the purported class, by and through counsel and for their causes of action against the Defendants, hereby states the following:

1

1. At all relevant times, Ashton Shaffer (hereinafter Shaffer) is a resident of Grover Hill, Ohio and the other members of this class are residents of the United States.

2. This action is brought by Shaffer as a class action on her own behalf and on behalf of others similarly situated under the provisions of Rule 23 of the Ohio Rules of Civil Procedure for damages, declaratory relief, attorney's fees and costs.

3. The class represented by Shaffer in this action and of which she is a member, consists of all those individuals who (a) received collection letters from Defendant Halsted indicating it and Resurgent Capital Services Financial Services, are the legal assignees of alleged credit card accounts, which is false (b) and whose personal information was communicated from Defendant Resurgent Capital Services, Inc. (Resurgent) to Defendant Halsted Financial Services, (Halsted) without the Plaintiffs' express or implied permission and in violation of the Fair Debt Collection Services Act (FDCPA), as recognized in the case of **Hunstein v. Perferred Collection and Management Services,** 2021 WL 1556060 (11ᵗʰ Cir. 4/21/2021)

4. The exact number of the members of the class as described above is not known but is estimated that there are no less than 250 members of the class and the class is so numerous that individual members pursuing their action is impractical.

5. There are common questions of law and fact in this action that relate and effect the rights of each member of the class and the relief sought is common to the entire class namely whether the Defendants, either individually or jointly and severally, illegally sought to collect debts from Shaffer and the Plaintiffs, on the basis that Resurgent and Halsted were the legal assignees of credit card accounts when this is false and whose personal information was communicated from Resurgent to Halsted without the express or implied permission of the Plaintiffs.

6. The facts in this case will unequivocally establish the Defendants individually jointly and severally, alleged they were the legal assignees of the alleged credit card accounts when this was never the case and Plaintiffs' personal information was communicated by Resurgent to Halsted, without Plaintiffs' express and/or implied permission.

7. The claims of Shaffer who is a representative of this class are typical of the claims of the class and the claims of the members of the class including Shaffer, depend on the showing of the act or acts of the Defendants given rise to the right of the Plaintiffs to the relief being sought. There is no conflict as between Shaffer and any other member of the class in respect to the sanction or with respect to the claims for relief set forth in this complaint.

8. This action is properly maintained as a class action in that the prosecution of separate actions by individual members of the class identified above would create a risk of inconsistent or varying adjudications respecting individual members of the class and establishing compatible standards of conduct for Defendants and those grounds generally apply to the class verified above, making a final injunctive relief or course finding declaratory relief appropriate with respect to the class as a whole and the questions of law and fact, the members of the class identified above will dominate over any questions effecting only individual members and Shaffer.

9. Shaffer is a representative for the class and is able to and will fairly and adequately protect the interest of the class. The attorney for the class is experienced in the areas of pursuing class actions and will actively be responsible for Plaintiffs' case.

3

## COUNT ONE

10. Shaffer incorporates paragraphs one (1) through nine (9) as if fully written herein.

11. Shaffer and other class members similarly situated as Shaffer, received collection letters from Halsted, in which these Defendants alleged they acquired all right, title, and interest in and to the credit card accounts that allegedly forms the basis of the complaint filed against Shaffer.

12. Defendant Brian Glass is an attorney representing Halsted, Inc. and who is seeking to recover the alleged debt on Halsted's behalf and who illegally received personal information from Resurgent, that has formed the basis of this complaint.

13. On June16, 2021, Halsted., through its representatives, mailed a letter to Shaffer, alleging that a purported credit card account was assigned to Halsted from Resurgent. (See Plaintiff's Exhibit one (1).

14. Pursuant to R.C. 2923.32(A)(1), the Ohio civil RICO statute, "No person employed by, or associated with enterprise shall conduct or participate in, directly or indirectly, the affairs of the enterprise through a *pattern of corrupt activity* or the collection of an unlawful debt." (Emphasis added.) The term "enterprise" is statutorily defined as "any individual, sole proprietorship, partnership, limited partnership, corporation, trust, union, government agency, or other legal entity, or any organization, association, or group of person associated in fact although not a legal entity." R.C. 2923.31 (C).

15. A "pattern of corrupt activity" consists of "two or more incidents of corrupt activity, whether or not there has been a prior conviction, that are related to the affairs of

4

the same enterprise, are not isolated, and are not so closely related to each other and connected in time and place that they constitute a single event." R.C. 2923.31(E). The term "corrupt activity" is statutorily defined as "racketeering activity" under the Organized crime Control Act of 1970, 84 Stat. 941, Section 1961(A)(B), (1)(D), and (1)(E), as amended, Title 18, U.S. Code. It also includes "conduct" that constitutes violation of specifically enumerated crimes. R.C. 2923.31(I) (2).

16. Ohio courts have held that in order to establish liability under R.C. 2923.32, a plaintiff must show "(1) that conduct of the defendant involves the commission of two or more specifically prohibited state or federal criminal offenses; (2) that the prohibited criminal conduct of the defendant constitutes a pattern; and (3) that the defendant has participated in the affairs of an enterprise or has acquired and maintained an interest in or control of an enterprise." **Patton v. Wilson,** 8th Dist. No. 82079, 2003-Ohio-3379, at ¶ 12, citing **Kondrat v. Morris** (1997), 118 Ohio App.3d 198, 209, 692 N.E.2d 246. The elements must be pleaded with specificity, and sufficient evidence must be presented to overcome a motion for summary judgment. Id. at 209, 692 N.E.2d 246.

17. Ohio Revised Code Section 2913.02 states the following:

(A) No person, with purpose to deprive the owner of property or services, shall knowingly obtain or exert control over either the property or services in any of the following ways:

> (1) Without the consent of the owner or person authorized to give consent;
> 
> (2) Beyond the scope of the express or implied consent of the owner or person authorized to give consent;
> 
> (3) By deception;

5

(4) By threat;

(5) By intimidation;

18. 18 U.S.C. Sections 1961-1968, of the Federal Racketeering Influence and Corrupt Organization Act (RICO) is directed at "racketeering activity" defined in Section 1961 (1) to encompass, inter alia, acts "indictable" under specific federal criminal provisions, including mail fraud, provides in Section 1964 (c) for a private civil action to recover treble damages by any person injured in his/her business or property "by reason of a violation of section 1962." Section 1962(B)'s definition of "racketeering activity" includes (B) any act which is indictable under any of the following provisions for Title 18, United States Code, including section 1341 (18 U.S.C.S. Section 1341) relating to mail fraud.

19. Pursuant to **Sedema, S.P.R.L. v. Imrex Co. Inc., et al.,** 473 U.S. 479, (1985), 18. U.S.C.S. Sections 1961-1968 do not require that its occurrence must be established by criminal standards or that the consequences of a finding of liability in a private civil action are identical to the consequences of a criminal connection. **Sedima** also held that 18 U.S.C.S. Sections 1961-1968 impose no distinct "racketeering injury" requirement or civil liability to attach.

20. By using the mail to send notices to the Plaintiffs that Resources and Halsted were the legal assignees of the alleged credit card accounts to each Plaintiff, these Defendants made material misrepresentations concerning the status of the alleged legal assignment of these purported credit card accounts.

21. These Defendants, individually and jointly and severally, violated Ohio Revised Code Sections 2923.32(A)(1), 2923.31(C), (E), and (I)(2) and 18 U.S.C.S. Sections 1961-1968 by using the mail system to send notices and civil complaints to the

6

Plaintiffs, alleging that Resurgent and Halsted. were the legal assignees of the alleged credit card accounts.

22. These Defendants engaged in this fraudulent enterprise through a pattern of racketeering activity by scheming to convince each Plaintiff the need to pay Defendants on alleged credit card accounts, knowing that Resurgent and/or Halsted were not the legal assignees of the alleged credit card accounts. Defendants financially benefited from this pattern of fraud to each Plaintiff's financial detriment causing damages in an amount exceeding $25,000.00.

## COUNT TWO

23. Shaffer, individually and as a class action representative, incorporates paragraph one (1) through twenty-two (22) as if fully rewritten herein.

24. Shaffer and each Plaintiff are consumers as defined by Ohio Revised Code Section 1345.01.

25. Ohio Revised Code Section 1345.02 (A) states that "[n]o supplier shall commit an unfair or deceptive act or practice in connection with a consumer transaction."

26. Ohio Revised Code Section 1345.03 (A) provides that "[n}o supplier shall commit an unconscionable act or practice in connection with a consumer transaction."

27. State and Federal courts in Ohio have held that the Ohio Consumer Sales Practices Act applies to debt collectors, to litigation activities and to the debt collectors' attorneys. See **Hartman v. Asset Acceptance Corp.,** 467 F.Supp.2d 769, 780 (S.D.

7

Ohio 2004), **Taylor v. First Resolution Invest. Corp.,** Slip Opinion No. 2016-Ohio-3444, June 16, 2016.

28. As a result of the Defendants' material misrepresentations to Shaffer and the other similarly situated Plaintiffs concerning the legal assignment of these alleged credit card accounts, these Defendants have violated Ohio Revised Code Sections 1345.02 and 1345.03 by acting arbitrarily, capriciously and fraudulently, causing damages to Shaffer and the Plaintiffs in an amount exceeding $25,000.00.

### COUNT THREE

29. Shaffer individually, and as class action representative, hereby incorporates paragraphs one (1) through twenty-eight (28) as if fully rewritten herein.

30. The Fair Debt Collection Practices Act (15 U.S.C. Section 1692 et seq.) prohibits debt collectors from employing "any false, deceptive, or misleading representation or means in connection with the collection of any debt," including misrepresenting "the character, amount, or legal status of any debt." (15 U.S.C. 1692e (2) (A)

31. A debt collector may not employ any "unfair or unconscionable means to collect or attempt to collect any debt," (15 U.S.C. 1692 (f) and cannot collect "any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law," (15 U.S.C. 1692 (f)(1)

32. When analyzing whether conduct giving rise to the claim fits within the broad scope of the Fair Debt Collection Practices Act, "the conduct is viewed through the eyes

8

of the 'least sophisticated consumer.'" **Currier v. First Resolution Invest. Corp.,** 762 F.3d. 529, 533 (6th Cir. 2014).That standard, while protecting "the gullible and the shrewd alike," also presumes "a basic level of reasonableness and understanding on the part of the debtor." Id.

33. To establish a prima facie case for a violation of the Fair Debt Collection Practices Act, a plaintiff must prove four (4) essential elements:

(a) the plaintiff is a natural person who is harmed by violations of the Fair Debt Collection Practices Act, or is a "consumer" within the meaning of 15 U.S.C.S.A. Sections 1692 (a) (3), 1692 (d) for purpose of a cause of action, 15 U.S.C.A. Section1692 (c) or 15 U.S.C.A. Section 1692 (e) (11);

(b) the "debt" arises out of a transaction entered primarily for personal, family or household purposes, 15 U.S.C.A. Section 1692 (a) (5);

(c) the defendant collecting the debt is a "debt collector" with the meaning of 15 U.S.C.A. Section 1692(a) (6); and

(d) the defendant has violated, by act or omission, a provision of the Fair Debt Collection Practices Act, 15 U.S.C.A. Sections 1692 (a)-1692 (o); 15 U.S.C.A. Section 1692(a); 15 U.S.C.A. Section 1692(k).
(See **Whittiker v. Deutsche Bank Natl. Trust Co.**, 605 F.Supp.2d 914, 938-939 (N.D. Ohio 2009)

34. A plaintiff need not demonstrate he or she suffered actual damages in order to prevail on a Fair Debt Collection Practices Act claim; the Fair Debt Collection Practices Act "places the risk of penalties on the debt collector that engages in activities which are not entirely lawful, rather than exposing consumers to unlawful debt-collector behavior without a possibility for relief." **Stratton v. Portfolio Recovery Assocs., L.L.C.,** 770 F.3d 443, 449 (6th Cir. 2014)

35. Courts have characterized the Fair Debt Collection Practices Act as a strict liability statute. **Fed. Home Loan Mtge. Corp v. Lamar,** 503 F.3d 504, 513 (6th Cir. 2007) To establish liability, a plaintiff does not have to prove knowledge or intent of the debt collector. **Wise v. Zwicker & Assocs., P.C.,** 780 F.3d 710, 712-713 (6th Cir. 2015)

36. The Fair Debt Collection Practices Act reaches the actions of "debt collectors," an inclusive statutory term that covers third-party debt collectors as well as attorneys who regularly engage in debt-collection activities, including litigation to collect debts owed and allegedly owed by consumers. 15 U.S.C.A. Section 1692 (a) (6); **Heintz v. Jenkins,** 514 U.S. 291, 293-294, 297-299 (1995)

37. Shaffer and the purported plaintiffs are consumers and natural persons for purposes of their cause of actions. The alleged debts arise out of a transaction primarily for personal, family or collected purposes. The defendants collecting the alleged debts are "debt collectors" with the meaning of 15 U.S.C.A. Section 1692 (a) (6)

38. These defendants, individually and jointly and severally have violated the Fair Debt Collection Practices Act and the Ohio Consumer Sales Practices Act by fraudulently stating Halsted and Resurgent are the legal assignees of the alleged credit card accounts.

39. Pursuant to 15 U.S.C. Section 1692 c(b) and **Hunstein v. Preferred Collection and Management Services, Inc.,** 2021 WL 1556069 (11th Cir. 4/21/2021), Resurgent is liable to the Plaintiffs for communicating their personal information to Halsted without their express and/or implied permission.

40. As a result of the defendants' illegal actions, plaintiffs have been damaged in amount exceeding $25,000.00

**WHEREFORE,** Shaffer, for herself and for all the members of the class, requests that jury be empaneled to hear all triable issues in this case and respectfully requests this honorable Court for a Judgment against the Defendants as follows:

a. The right of each class member to recover all monies due to them from the Defendants, either individually or jointly and severally, under the Ohio and Federal RICO statutes, the Ohio Consumer Sales Practice Act and for violating Fair Debt Collection Practices Act;.

b. The Plaintiffs class be awarded damages instant to the equitable relief requested in the sum of an amount exceeding $25,000.00;

c. This Court award the sum exceeding $25,000.00 on behalf of the class for punitive damages, statutory interest, and any other equitable relief this Court deems just based upon the illegal and willful acts by the Defendants; and

d. Any and all damages this court deems just.

Respectfully submitted,

s/ Michael D. Portnoy
Attorney for Ashton Shaffer




PO BOX 828 Skokie, IL 60076
Tel: (855) 520-7028 Web: www.halstedfinancial.com
Hours of Operation (CST): Mon-Fri 7am - 8pm & Sat 8am - 5pm

**50% off** your balance!

Visit us at:
letters.halstedfinancial.com



06/16/2021

Dear Ashton Shaffer,

Your account has been placed by Resurgent Receivables LLC with our agency for collections. You do have options!

**For a one-time payment** we are offering a compromise of $316.70 to resolve this debt. That's a savings of $316.71!

**We understand** that you may not be able to take advantage of the compromise offer above. That is why we also offer you the ability to customize your own payment plan. Login to see additional options available to you at letters.halstedfinancial.com.

**This office is not obligated to renew these offers after 06/30/2021.** Have questions? Call us at (855) 520-7028.

This communication is from a debt collector. This is an attempt to collect a debt and any information obtained will be used for that purpose.

**Our Reference Number:** 25815466          **Original Creditor:** Credit One Bank, N.A.
**Original Creditor Account Number:** XXXXXXXXXXXX9981     **Current Creditor To Whom Debt Is Owed:** Resurgent Receivables LLC
**Current Creditor Account Number:** 699848460
**Total Balance Due:** $633.41

PLAINTIFF'S
EXHIBIT NO. 1
FOR IDENTIFICATION
DATE:     RPTR:

Please see the following pages for additional notices.

PRIVACY NOTICE

This Privacy Notice is being provided on behalf of each of the following related companies (collectively, the "Resurgent Companies"). It describes the general policy of the Resurgent Companies regarding the personal information of customers and former customers.

Resurgent Capital Services L.P
LVNV Funding, LLC
Ashley Funding Services LLC
Resurgent Acquisitions LLC
PYOD LLC
SFG REO, LLC
Resurgent Receivables LLC
Pinnacle Credit Services, LLC
CACV of Colorado, LLC
Resurgent Funding LLC
Sherman Originator LLC
Anson Street LLC
CACH, LLC
Sherman Originator III LLC
Sherman Acquisition L.L.C.
Card Asset Sales LLC

**Information We May Collect.** The Resurgent Companies may collect the following personal information:
(1) information that we receive from your account file at the time we purchase or begin to service your account, such as your name, address, social security number, and assets; (2) information that you may give us through discussion with you, or that we may obtain through your transactions with us, such as your income and payment history; (3) information that we receive from consumer reporting agencies, such as your creditworthiness and credit history, and (4) information that we obtain from other third party information providers, such as public records and databases that contain publicly available data about you, such as bankruptcy and mortgage filings. All of the personal information that we collect is referred to in this notice as "collected information".

**Confidentiality and Security of Collected Information.** At the Resurgent Companies, we restrict access to collected information about you to individuals who need to know such collected information in order to perform certain services in connection with your account. We maintain physical safeguards (like restricted access), electronic safeguards (like encryption and password protection), and procedural safeguards (such as authentication procedures) to protect collected information about you.

**Sharing Collected Information with Affiliates** From time to time, the Resurgent Companies may share collected information about customers and former customers with each other in connection with administering and collecting accounts to the extent permitted under the Fair Debt Collection Practices Act or applicable state law.

**Sharing Collected Information with Third Parties** The Resurgent Companies do not share collected information about customers or former customers with third parties, except as permitted in connection with administering and collecting accounts under the Fair Debt Collections Practices Act and applicable state law.

PO BOX 828
SKOKIE IL 60076-0828

Return Service Requested

Our Reference Number: 25815466
(INCLUDE **OUR REFERENCE NUMBER** IN MEMO FIELD ON CHECKS)
Balance Due: $633.41
Discount Offer: $316.70

SEND ALL CORRESPONDENCE AND MAKE CHECKS PAYABLE TO:

50204 (2) T140 4******AUTO**ALL FOR AADC 481
Ashton Shaffer
19706 State Route 637
Defiance OH 43512-9369

Halsted Financial Services, LLC
PO BOX 828
SKOKIE IL 60076-0828


5020