IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| Ashton Shaffer, | Case No. 3:21 CV 1849 |
| Plaintiff, | ORDER ADOPTING |
| -vs- | REPORT & RECOMMENDATION |
| Halsted Financial Services, LLC, et al., | JUDGE JACK ZOUHARY |
| Defendants. | |

### INTRODUCTION

Plaintiff Ashton Shaffer, individually and on behalf of those similarly situated, brought this class action against Defendants, Halsted Financial Services, LLC ("Halsted"), Resurgent Receivables ("Resurgent"), and Brian S. Glass (collectively "Defendants"). Defendants move to compel arbitration (Doc. 10); Shaffer opposes (Doc. 11), and Defendants reply (Doc. 12). This case was referred to Magistrate Judge Darrell Clay under Local Civil Rule 72.2(b)(2). Magistrate Judge Clay issued a Report and Recommendation ("R&R") recommending this Court grant Defendants' Motion, and compel arbitration (Doc. 14). Shaffer timely objects to the R&R (Doc. 15); Defendants respond (Doc. 16).

### BACKGROUND

Shaffer filed a class action in state court asserting violations of the Fair Debt Collection Practices Act ("FDCPA"), the Ohio civil RICO law, and the Ohio Consumer Sales Practices Act ("CSPA") (Doc. 1-1). Defendants properly removed the matter to this Court in September 2021 (Doc. 1). In his Complaint (Doc. 1-1), Shaffer alleges he received collection letters from Defendant Halsted, which violated the above statutes, as Halsted was not a legal assignee of the rights to

Shaffer's account.  Defendants contend Shaffer entered a written arbitration agreement when he opened his account with Credit One Bank and that this agreement was not voided when the account was assigned to a series of other entities (Doc. 10 at 1).  Defendants support their agreement with a declaration from Patricia Sexton, an employee of Defendant Resurgent Receivables (Doc. 10-1).  In response, Shaffer opposed and moved to depose Sexton, arguing her declaration was defective (Doc. 11).  Defendants then filed a revised declaration from Sexton (Doc. 12).  The R&R concluded Shaffer's claims were meritless.

## DISCUSSION

Shaffer raises three objections to the R&R.  First, he claims Sexton's declaration improperly refers to non-produced documents in an attempt to establish Defendant Halsted is the legal owner of Shaffer's credit-card debt (Doc. 15 at 2).  The R&R addresses this argument in detail, explaining why Sexton's declaration is credible and why the documents she proffers constitute business records under Federal Evidence Rule 803(6) (Doc. 14 at 5–8).  Sexton states she is an authorized representative of Defendant Resurgent Receivables and Sherman Originator III, LLC (another of the intermediate assignees) and, as a custodian of records, she "personally accessed and reviewed" the records pertaining to Shaffer's account (Doc. 12-1).  Based on this review, Sexton confirmed Shaffer's account was among those pooled and assigned to Halsted (*id.*).

Shaffer also suggests that because Sexton does not attach all the "non produced, critically important, and easily obtainable documents" she reviewed, her declaration should be inadmissible (Doc. 15 at 2).  Shaffer relies on *Fuller v. Frontline Asset Strategies, L.L.C.*, to support this objection. 2018 WL 1744674 (N.D. Ill. 2018).  Shaffer wrongly states *Fuller* "nullified an arbitration agreement due to the [d]efendant's inability to produce a bill of sale with sufficient supporting documentation to prove that the debt was in fact validly assigned to [p]laintiff's Credit One account . . ." (Doc. 15 at 2).  To the contrary, *Fuller* found "a valid agreement to arbitrate between the [parties] exists."  2018

2

WL 1744674 at *2 (citing *Conway v. Done Rite Recovery Servs., Inc.*, 2015 WL 1989665, at *4 (N.D. Ill. 2015)).  Shaffer's briefs cite to arguments which the court found "to the contrary and unavailing . . ."  *Id.* at *2.  Regarding the assignment of debt, *Fuller* held affidavits supporting the assignment by defendant's employee and an employee of the assignee, "whose job function included serving as a records custodian for the [assignee]", were sufficient to demonstrate a valid assignment.  *Id.* at *3.  The R&R correctly concluded Sexton's declaration provides sufficient evidence that Defendant Halsted is the legal owner of Shaffer's credit-card debt (Doc. 14 at 8).

Next, Shaffer argues Defendants failed to produce a legally sufficient copy of the signed agreement between the parties (Doc. 15 at 2).  However, as part of her declaration, Sexton attached a "true and correct copy" of the Credit One Bank Card Agreement pertaining to Shaffer's account "taken from the original electronic file received from the sale of the Account" (Doc. 12-1 at 3).  As noted above, the R&R details why these and other records proffered by Sexton are credible and authenticated as business records (Doc. 14 at 7–8).  *See also Lucky Leather, Inc. v. Mitsui Sumitomo Ins. Co. of Am.*, 2013 WL 12139353, at *5 (C.D. Cal. 2013), *aff'd*, 650 F. App'x 364 (9th Cir. 2016).  *See also Caudill v. Cavalry SPV I, LLC*, 2014 WL 4230811, at *4 (E.D. Ky. 2014).  Although the agreement may not have been signed, in a case cited by Shaffer, the court noted that absent evidence the plaintiff did not receive the agreement, "requesting, receiving and using the card . . . constitutes the cardholder's agreement with the terms stated, including the arbitration provision."  *Fuller*, 2018 WL 1744674 at *3.  The R&R correctly concludes "there is a broad, enforceable agreement to arbitrate between [Shaffer] and Credit One Bank that through valid written assignment now runs in favor of Defendants in this case." (Doc. 14 at 10) (citing *Pyciak v. Credit One Bank, N.A.*, 2018 WL 4787660, at *2 (E.D. Mich. 2018).

Finally, Shaffer reasserts the request to depose Sexton (Doc. 15 at 3).  The above referenced documents have been authenticated by a reliable source, and Plaintiff offers no reason why a

3

deposition of Sexton would have a material impact on the arbitrability issue. *See Jackson v. Cintas Corp.*, 425 F.3d 1313, 1318 (11th Cir. 2005) (finding no abuse of discretion denying discovery where "district court reasonably concluded that [plaintiff] failed to show how the discovery would have any impact on the enforceability of the arbitration clause"). *See also Casey v. Reliance Tr. Co.*, 2019 WL 7403931, at *19 (E.D. Tex. 2019) (considering declaration in support of motion to compel arbitration, despite plaintiff not having an opportunity to depose declarant, because it primarily served to authenticate documents).

### CONCLUSION

The broad arbitration clause between the parties requires "any controverses or disputes arising from or relating to [Shaffer's] Account; [and] any transaction involving [Shaffer's] Account" to be resolved in arbitration (Doc. 14 at 9). The Sixth Circuit has held "any doubts regarding arbitrational should be resolved in favor of arbitration." *Fazio v. Lehman Brothers, Inc.*, 340 F.3d 386, 392 (6th Cir. 2003). Further, Shaffer's claims are the type regularly permitted to be resolved in arbitration (Doc. 14 at 10). *See Hodson v. Javitch, Block & Rathbone, LLP*, 531 F. Supp. 2d 827, 831 (N.D. Ohio 2008) ("Congress did not intend FDCPA claims to be non-arbitrable.").

Shaffer's Objections (Doc. 15) are overruled, and this Court adopts the R&R (Doc. 14) in its entirety. Shaffer's Motion to Depose (Doc. 11) is denied. The Motion to Compel Arbitration (Doc. 10) is granted. This case is dismissed.

IT IS SO ORDERED.

s/ *Jack Zouhary*
JACK ZOUHARY
U. S. DISTRICT JUDGE

February 9, 2022